## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| **In re:** | § § § § § § § § | **Chapter 11** |
| **MTE HOLDINGS LLC.,** *et al.,*[1] | | **Case No. 19-12269 (CSS)** |
| **Debtor.** | | **(Jointly Administered)** |
| **GRAVITY OILFIELD SERVICES, LLC,** | § § § § § | |
| **Plaintiff,** | § § § | |
| **vs.** | § § § | **Adv. Pro. No. 20-50662 (CSS)** |
| **MDC ENERGY LLC D/B/A** **MDC TEXAS ENERGY LLC,** **MDC TEXAS OPERATOR LLC** **MDC REEVES ENERGY LLC, and** **NATIXIS, NEW YORK BRANCH;** | § § § § § § | |
| **Defendants.** | § | |

## GRAVITY OILFIELD SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM OF NATIXIS, NEW YORK BRANCH

**NOW COMES** Gravity Oilfield Services, LLC, ("Gravity"), for its answer to *Natixis, New York Branch's Counterclaim for Declaratory Judgment* [Doc. No. 30] (the "Counterclaim"), avers as follows:

The initial Paragraphs 1 – 40 represent Natixis, New York Branch's ("Natixis") responses to Gravity's Original Petition and, therefore, require no response from Gravity.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: MTE Holdings LLC (7894); MTE Partners LLC (1158); Olam Energy Resources I LLC (0770); MDC Energy LLC (9140); MDC Texas Operator LLC (1087); Ward I, LLC (6817); and MDC Reeves Energy LLC (3644). The Debtors' address is 280 East 96th Street, Suite 210, Indianapolis, Indiana 46240.

{05561155.DOCX.}

**ORIGINAL ANSWER – PAGE 1**

## ANSWER TO COUNTERCLAIM

Subject to the defenses and affirmative defenses submitted herein, Gravity denies each and every allegation contained within the Counterclaim, except those allegations specifically admitted herein. With regard to the specific paragraphs of the Counterclaim, Gravity answers and avers as follows:

### Jurisdiction and Venue

1. Gravity admits to the averments in Paragraph 1 of the Counterclaim.

2. Gravity admits to the averments in Paragraph 2 of the Counterclaim.

3. Gravity admits to the averments in Paragraph 3 of the Counterclaim. Pursuant to Fed. R. Bankr. P. 7012(b) and Rule 7012-1 of the Local Rules, Gravity consents to entry of final orders or judgment by the bankruptcy court.

4. Gravity admits to the averments in Paragraph 4 of the Counterclaim.

### Factual Background and General Allegations

**A.    The Defendant Parties**

5. Gravity admits to the averments in Paragraph 5 of the Counterclaim without admitting the validity or enforceability of any referenced credit agreements or credit documents.

6. Gravity admits to the averments in Paragraph 6 of the Counterclaim.

7. Gravity lacks sufficient knowledge to admit or deny the averments in Paragraph 7 of the Counterclaim and therefore denies these averments.

8. Gravity admits to the averments in Paragraph 8 of the Counterclaim.

**B.    The Bankruptcy Proceedings**

9. Gravity admits to the averments in Paragraph 9 of the Counterclaim.

10. Gravity admits to the averments in Paragraph 10 of the Counterclaim.

{05561155.DOCX.}

ORIGINAL ANSWER – PAGE 2

11.     Gravity admits to the averments in Paragraph 11 of the Counterclaim.

12.     Gravity admits to the averments in Paragraph 12 of the Counterclaim.

13.     Paragraph 13 does not contain averments for which as response is required as the Order speaks for itself. To the extent a response is required, Gravity denies all such averments in Paragraph 13 of the Counterclaim.

14.     Paragraph 14 does not contain averments for which as response is required as the Order speaks for itself. To the extent a response is required, Gravity denies all such averments in Paragraph 14 of the Counterclaim.

### C. The MDC Credit Agreement

15.     Upon information and belief, Gravity admits the averment in Paragraph 15 of the Counterclaim Gravity lacks sufficient knowledge or information to admit or deny the remaining averments in Paragraph 15 of the Counterclaim and therefore denies all such averments.

16.     Gravity denies the averments in Paragraph 16 of the Counterclaim.

17.     Gravity denies the averments in Paragraph 17 of the Counterclaim.

18.     Gravity denies the averments in Paragraph 18 of the Counterclaim.

19.     Gravity denies the averments in Paragraph 19 of the Counterclaim.

### D.     Prepetition Secured Parties' Perfection of Security Interests

20.     Gravity denies the averments in Paragraph 20 of the Counterclaim.

21.     Gravity admits that Natixis filed financing statements however, Gravity denies the remaining averments in Paragraph 21 of the Counterclaim.

22.     Gravity admits that Natixis filed deeds of trust and fixture filing financing statements however, Gravity denies the remaining averments in Paragraph 22 of the Counterclaim.

23.     Gravity admits that Natixis filed deeds of trust and fixture filings however, Gravity denies the remaining averments in Paragraph 23.

24.     Gravity admits that Natixis filed copies of supplements to the Deeds of Trust however, Gravity denies the remaining averments in Paragraph 24 of the Counterclaim.

**E.      The Lien Priority Adversary Proceedings**

25.     Gravity admits it is one of the Debtors' trade creditors who performed labor or provided services in furtherance of, or furnished or hauled material, machinery, or supplies used in, the Debtors' mineral activities, and Gravity admits it holds statutory liens attaching to the Debtors' mineral leases, wells, and other property pursuant to Chapters 56 and/or 53 of Title 5 of the Texas Property Code. Gravity lacks knowledge or information sufficient to form a belief as to the accuracy of allegations in paragraph 25 regarding any specific number of liens claimed against property of the Debtors' estates.

26.     Gravity admits to the averments in Paragraph 26 of the Counterclaim.

27.     Gravity admits to the averments in Paragraph 27 of the Counterclaim.

28.     Gravity admits the averment that Natixis filed D.I. 1174 and avers that the filing speaks for itself. In so far as the document purports to establish lien perfections and priority, Gravity denies the remaining averments in Paragraph 28 of the Counterclaim.

29.     Gravity admits to the averments in Paragraph 29 of the Counterclaim.

30.     Gravity admits to the averments in Paragraph 30 of the Counterclaim.

**F.      Gravity's Statutory Liens Are Either Junior to the Prepetition Liens or Invalid**

31.     Gravity admits to the averments in Paragraph 31 of the Counterclaim.

32.     Gravity admits to the averments in Paragraph 32 of the Counterclaim.

33.     Gravity admits to the averments in Paragraph 33 of the Counterclaim.

34.     Gravity admits to the averments in Paragraph 34 of the Counterclaim.

35.     The averments of Paragraph 35 of the Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Gravity denies the averments of Paragraph 35 of the Counterclaim.

36.     The averments of Paragraph 36 of the Counterclaim states a legal conclusion to which no response is required. To the extent a response is required, Gravity denies the averments of Paragraph 36 of the Counterclaim.

37.     Gravity denies the averments in Paragraph 38 of the Counterclaim.

### Justiciable Controversy

38.     Gravity incorporates all previous paragraphs of the Counterclaim above.

39.     Gravity denies the averments in Paragraph 39 of the Counterclaim.

40.     Gravity admits the averments in Paragraph 40 of the Counterclaim.

41.     To the extent that Paragraph 41 is a prayer for relief, no response is required. To the extent that a response is required to Paragraph 41, Gravity admits that a declaratory judgment which declares the priority, validity, and extent of Gravitys' purported Mineral Lien claims in Gravitys' Claimed Collateral is authorized under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Bankruptcy Rules 7001(2) and 7001(9) and will resolve disputed issues involved in this controversy. Gravity denies that Natixis is entitled to priority over Gravitys' purported Mineral Liens on Gravitys' Claimed Collateral as alleged Paragraph 41 of the Counterclaim.

### FIRST COUNTERCLAIM

### Declaratory Judgment

42.     Gravity incorporates all previous paragraphs of the Counterclaim above.

43.     Gravity admits to the averments in Paragraph 43 of the Counterclaim.

44.     Gravity denies the averments in Paragraph 44 of the Counterclaim.

45.     Gravity denies the averments in Paragraph 45 of the Counterclaim.

46.     Gravity denies the averments in Paragraph 46 of the Counterclaim.

47.     To the extent that Paragraph 47 is a prayer for relief, no response is required. To the extent a response is required, Gravity denies that Natixis is entitled to the actions requested in Paragraph 47.

## AFFIRMATIVE DEFENSES

### Failure to State a Claim

Natixis failed to state a claim upon which relief can be granted.

### RESERVATION OF RIGHTS

Gravity reserves the right to amend this Answer to correct, modify, and/or add defenses as further information regarding Natixis's claims becomes available through the course of discovery or otherwise.

### PRAYER

**WHEREFORE**, PREMISES CONSIDERED, Gravity prays that the Court enter its judgment denying the relief requested by Natixis and award the Gravity with costs and attorney's fees, and all other relief to which the Court deems just and proper.

{05561155.DOCX.}

ORIGINAL ANSWER – PAGE 6

Dated: September 21, 2020

Respectfully submitted,

CONNOLLY GALLAGHER LLP

/s/ *N. Christopher Griffiths*
N. Christopher Griffith (No. 5180)
Lisa R. Hatfield (No. 4967)
1201 N. Market Street, 20th Floor
Wilmington, Delaware 19801
Telephone: (302) 757-7300
Facsimile: (302) 757-7299
E-mail:  cgriffiths@connollygallagher.com
        lhatfield@connollygallagher.com

**DORÉ ROTHBERG MCKAY, P.C.**

By:     /s/ *Zachary S. McKay*
        Zachary S. McKay
        State Bar No. 24073600
        Maria M. Bartlett
        State Bar No. 24087147
        17171 Park Row, Suite 160
        Houston, Texas 77084
        (281) 829-1555
        (281) 200-0751 Fax
        Email: zmckay@dorelawgroup.net
        Email: mbartlett@dorelawgroup.net

*Attorneys for Gravity Oilfield Services, LLC*

{05561155.DOCX.}

**ORIGINAL ANSWER – PAGE 7**